IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Lonnie Alonzo Howard, | ) |
| | ) |
| Petitioner, | )   **ORDER** |
| | ) |
| vs. | )   Case No. 1:25-cv-076 |
| | ) |
| United States of America, | ) |
| | ) |
| Respondent. | ) |

Petitioner, Lonnie Alonzo Howard, a federal prisoner, seeks relief through a Petition for Writ of Audita Querela under 28 U.S.C. §1651(a) and United States v. Morgan, 346 U.S. 502, 506 (1954). (Doc. 2). The United States opposes the petition. (Doc. 10). The parties have consented to the exercise of jurisdiction by a magistrate judge. (Docs. 7, 15).

I.     **BACKGROUND**

A jury convicted Howard of being a felon in possession of a firearm and ammunition in United States v. Howard, No. 1:17-cr-014, Doc. 77 (D.N.D. April 11, 2019). The district court found Howard to be an armed career criminal pursuant to 18 U.S.C. § 924(e) and sentenced him to 210 months imprisonment.[1] Id. (Docs. 97, 98). Howard's conviction and sentence were affirmed on appeal. United States v. Howard, 977 F.3d 671 (8th Cir. 2020). Howard filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was dismissed as untimely. Howard, No. 1:17-cr-014, Docs. 126, 140; see also United States v. Howard, 2023 WL 5206921, at *3 (D.N.D. Aug. 14, 2023). The Eighth Circuit Court of Appeals denied Howard a certificate of appealability from the

---

[1] Howard's status as an armed career criminal was based on (1) a 1992 conviction for armed robbery in Milwaukee County Circuit Court, (2) a 2009 conviction for conspiracy to deliver and delivery of methamphetamine in Burleigh County District Court, and (3) a 2009 conviction for conspiracy to deliver ecstasy in Burleigh County District Court.

denial of his Section 2255 motion. Id. (Doc. 148); see also Howard v. United States, No. 23-3096, 2024 WL 1145124, at *1 (8th Cir. Jan. 3, 2024).

## II. PETITION FOR WRIT OF *AUDITA QUERELA*

Howard now petitions the Court for a writ of *audita querela*. (Doc. 2). Howard argues the writ may be used to attack a criminal conviction that was correct at the time it was entered but has been rendered infirm by matters that arose after entry. Id. at 6. Howard claims the Supreme Court's decision in Erlinger v. United States, 602 U.S. 821 (2024) calls into question whether he was correctly determined to be an armed career criminal and asserts his status should have been decided by a jury, not the judge at sentencing. Id. at 15-17. The United States opposes the issuance of a writ arguing the Supreme Court did not make Erlinger retroactive on collateral review, another remedy is available to Howard, and a jury would likely find Howard was an armed career criminal, rendering any error harmless beyond a reasonable doubt. (Doc. 10 at 3).

## III. DISCUSSION

The writ of *audita querela* is a common law writ of error dating back to the early Fourteenth Century. United States v. Weddell, 560 F. Supp.2d 782, 784 (D.N.D. 2008). The writ allowed a judgment debtor to obtain equitable relief from a judgment based on a defense or discharge that became available after the entry of judgment. Id. This type of relief is now obsolete in civil cases. Both "'[t]he writ of *audita querela* and its counterpart the writ of *corim nobis* have been expressly abolished in civil cases by Rule 60(b) of the Federal Rules of Civil Procedure.'" Id. (quoting Corral v. United States, 436 F. Supp.2d 1045, 1046 (D.N.D. 2006). The question remains, however, whether those writs are available in federal criminal cases based on the Supreme Court's decision in United States v. Morgan, 346 U.S. 502 (1954) and the All Writs Act, 28 U.S.C. § 1651. Id.

When presented with petitions for a writ of *audita querela* courts in this District have held the writ is "probably available where there is a legal objection to a conviction that has arisen subsequent to the conviction and that *is not redressable pursuant to another post-conviction remedy.*" Id.; see also Corral, 436 F. Supp.2d at 1046 (explaining the writ of *audita querela* and writ of *corim nobis* are available to "fill gaps" in the federal post-conviction relief process). Because the writ is a "gap-filler," a petitioner must show no other remedy is available. Corral, 436 F. Supp.2d at 1046. The writ of *audita querela* cannot be used to challenge a conviction or sentence when the same issues could have been raised in a Section 2255 motion. Id. The fact that a petitioner previously filed for Section 2255 relief, and another such motion would be considered successive, does not render Section 2255 relief "unavailable." Id. This is because "'[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.'" Id. (quoting United States v. Valdez-Pacheo, 237 F.3d 1077, 1080 (9th Cir. 2000)).

A. **Howard's Section 2255 Motion**

Howard made a Section 2255 motion on October 7, 2022. Howard, No. 1:17-cr-014, Doc. 126. The United States requested dismissal arguing the motion was untimely. Id. Doc. 138. Howard did not file a response to the motion to dismiss, and the court dismissed the Section 2255 motion. Id. Doc. 140. Howard appealed and argued the Section 2255 motion was timely because he had filed a petition for writ of certiorari with the Supreme Court after his direct appeal had been denied.[2] Id. Doc. 143. The United States conceded the untimeliness argument was in error to the

---

[2] The United States Supreme Court denied Howard's petition for certiorari on October 4, 2021. See Howard v. United States, No. 20-7686, 142 S. Ct. 123 (2021) (mem).

Eighth Circuit Court of Appeals, but the appellate court still denied Howard's request for a certificate of appealability. Howard, 2024 WL 1145124, at *1.

Howard reasserts that error now as a reason to grant a writ of *audita querela*. Doc. 16 at 3. He argues that had his Section 2255 motion not been improperly dismissed as untimely, the Erlinger decision may have been available as precedent while his case was still pending. Id. The United States counters that the timeliness error does not justify the writ because it was brought to the attention of the Eighth Circuit Court of Appeals, and that court ultimately denied Howard relief. Doc. 18 at 2; see also Howard, 2024 WL 1145124, at *1; Howard, No. 17-cr-014, Doc. 148. The Court agrees with the United States. Howard had the opportunity to have this error addressed by the Eighth Circuit and the Eighth Circuit still found no reason to allow his appeal from the denial of the Section 2255 motion.

The Court concludes this procedural history is not a basis for using an extraordinary remedy like a writ of *audita querela.* Even though his prior Section 2255 motion was denied, this form of relief is still available to Howard, albeit through a successive motion. See Corral, 436 F. Supp.2d at 1046 (denying a writ for *audita querela* to raise a Booker challenge when a successive Section 2255 motion was available). Most federal circuit courts of appeal recognize that common law writs may not be granted when relief is available through a motion to vacate, set aside or correct sentence. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (collecting cases from the Fourth, Fifth, Seventh, Ninth, and Tenth Circuits). But, even if a writ of *audita querela* was the appropriate vehicle for relief, Howard would not be entitled to the relief he seeks.

4

### B.  Erlinger is not Retroactive

The Supreme Court held in Erlinger that the Constitution requires a jury, not a judge, to determine whether facts exist that trigger the Armed Career Criminal Act's longer prison term. Erlinger, 602 U.S. at 834-35. Thus, a jury must decide whether a defendant's past offenses were committed on separate occasions to determine whether he or she has three or more qualifying ACCA convictions. Id.

Under Teague, this is the law going forward, but the holding does not apply to criminal cases that are final. See Teague v. Lane, 489 U.S. 288, 310 (1989) (holding "new constitutional rules of criminal procedure [are not] applicable to those cases which have become final before the rules are announced."). Likewise, Erlinger does not apply retroactively in collateral attacks or postconviction review. Erlinger, 602 U.S. 821, 859 (2024) (Kavanaugh dissenting) ("For any case that is already final, the Teague rule will presumably bar the defendant from raising today's new rule in collateral proceedings."); United States v. Watkins, No. 1:21-CR-010, 2025 WL 786579, at *3 (D.N.D. Mar. 12, 2025) (citing cases). Because Erlinger does not apply retroactively, relief may not be issued through a writ of *audita querela*. Cf. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam) (affirming denial of *audita querela* based on a Booker violation because United States v. Booker, 543 U.S. 220 (2005) did not apply retroactively on collateral review).

### C.  Harmless Error

The United States argues that even if Erlinger applied retroactively to Howard, any error would be subject to harmless error review. Doc. No. 10 at 7; Doc. No. 18. The Eighth Circuit Court of Appeals has adopted the harmless beyond a reasonable doubt standard involving Erlinger challenges. United States v. Bowling, 135 F.4th 1125, 1126 (8th Cir. 2025) ("Like most

5

constitutional errors . . . the failure to submit a sentencing factor to a jury is subject to harmless-error analysis."); United States v. Xavior-Smith, 136 F.4th 1136, 1137 (8th Cir. 2020) (per curiam); see also United States v. Stowell, 82 F.4th 607, 610 (8th Cir. 2023) (en banc) (declining to decide whether a jury was required to decide the offenses were committed on different occasions because, under a harmless error standard, no reasonable jury could have found the offenses were committed on the same occasion).

Under this standard, an error is harmless if there is no reasonable probability that it contributed to the sentence. Stowell, 82 F.4th at 610 (citing Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). If no reasonable jury could find Howard committed the predicate offenses on the same occasion, any error by not submitting the question to the jury is harmless. Id. "Whether previous offenses were committed on different occasions depends on factors like "timing, proximity, and the character and relationship of the offenses." Bowling, 135 F.4th at 1126.

At sentencing, the court determined that Howard had committed three predicate ACCA offenses. The first involved an armed robbery in Milwaukee County Circuit Court, Wisconsin, occurring on September 8, 1992. (PSIR ¶ 45). The other predicate offenses were controlled substance offenses. Howard was convicted in Burleigh County District Court, North Dakota, of conspiracy to deliver and delivery of methamphetamine occurring on December 11, 2008, and conspiracy to deliver ecstasy occurring on January 7, 2009. (PSIR ¶ 47). Even though he was sentenced for the drug offenses on the same day, those offense occurred on different days— approximately 27 days apart—and involved different drugs. No reasonable jury could have concluded beyond a reasonable doubt that the Burleigh County drug offenses occurred on the same

occasion.[3] Thus, any error in not submitting that question to a jury, was harmless beyond a reasonable doubt. See Bowling, 135 F.4th at 1126 (error was harmless where defendant committed burglaries against different victims in different locations on different dates, with at least a week separating each offense).

## IV.  CONCLUSION

For the reasons discussed above, Howard is not entitled to the extraordinary relief of a writ of *audita querela*, therefore, the Petition for Writ of *Audita Querela* (Doc. 2) is **DENIED.**

Further, the Court finds that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 23rd day of September, 2025.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court

---

[3] Howard made cogent arguments against the predicate offenses at sentencing and on appeal. Howard, No. 1:17-cr-14, Docs. 87, 89, 91; Howard, 977 F.3d at 678. First, he objected that the Milwaukee County conviction was simple "robbery," not "armed robbery," and thus did not constitute a crime of violence. Howard, 977 F.3d at 678. That argument was overruled by the district court and rejected on appeal. Id. Howard also argued conspiracy to deliver ecstasy was not a "serious drug offense" under federal law, but that too was rejected. Id. at 678-79. None of Howard's arguments at sentencing or on direct appeal contended the ACCA predicate offenses were not committed on different occasions. See id.